```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

**IN RE HILCORP ENERGY COMPANY**                         **CIVIL ACTION**

                                                                                                                        **NO. 07-999**

                                                                                                                        **SEC. B(3)**

### ORDER AND REASONS

Before the Court is claimant Kevin Kennison's ("Kennison") Motion To Lift Stay And Remand To State Court. (Rec. Doc. No. 14).

**IT IS ORDERED** that the Motion To Lift Stay And Remand To State Court is **DENIED without prejudice** to re-urge **after July 1, 2007.**[1]

### *BACKGROUND*

On or about January 28, 2006, claimant Kennison sustained injury while standing aboard a twelve foot aluminum jonboat owned and operated by Hilcorp Energy Company ("Hilcorp") and performing repair and salvage operations on a fixed platform owned and operated by Hilcorp. Kennison filed a lawsuit against BLR Construction Companies, LLC and Hilcorp in the 25th Judicial

---

[1] If no other claims are asserted by that date or if new claimants, like Kennison, stipulate to this court's exclusive jurisdiction to determine all issues relating to the limitation of liability, and upon motion of all similarly situated claimants, we would revisit the issues raised by the instant motion to lift stay and remand to state court.

District Court, Plaquemines Parish, Louisiana.[2]

Hilcorp filed a complaint under the Limitation of Liability Act. As a result thereof, this Court stayed all proceedings arising out of the alleged accident involving Kennison.

Claimant Kennison submitted stipulations reserving all limitation of liability issues for this Court. Kennison contends that he is a Jones Act seaman and, therefore, is entitled to prosecute his claims in state court under the "savings to suitors" clause of 28 U.S.C. § 1333(1). Kennison moves the Court to lift the stay in this matter and to allow Kennison to proceed in the 25th Judicial District Court, Plaquemines Parish, Louisiana while reserving all limitation of liability issues for this Court.

Hilcorp contends Kennison's stipulations are insufficient to protect Hilcorp's rights under the Limitation of Liability Act. Therefore, Hilcorp contends the stay should remain in effect until further stipulations are made.

---

[2]Prior to filing suit against BLR Construction Companies, LLC ("BLR") and Hilcorp, Plaintiff filed suit in the 16th Judicial District Court, St. Martin Parish naming BLR as the sole defendant. The 16th Judicial District Court transferred said action to the 15th Judicial District court in Acadia Parish on BLR's exception of improper venue.

*DISCUSSION*

An inherent conflict exists between the Limitation of Liability Act[3] and the "saving to suitors" clause.[4] *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). Admiralty courts have exclusive jurisdiction over suits invoking the Limitation of Liability Act "saving to suitors" common law remedies to which they are entitled. *Id*. The Limitation of Liability Act gives the shipowner the right to limit liability such that it "shall not exceed the value of the vessel at fault and her pending freight if the casualty occurred without the privity or knowledge of the shipowner." *Id*. Whereas, the "savings to suitors" clause gives the claimant the right to a common-law remedy in state court. *Id*. "When a shipowner invokes the Act, the federal court may stay all proceedings against the shipowner arising out of the same accident" to preserve the shipowner's right to limit liability. *Id*. However, the Fifth Circuit has held that it is proper for the district court to lift stay against claimants' state proceedings when claimants stipulate admiralty court's exclusive jurisdiction

---

[3]46 U.S.C. § 183.

[4]28 U.S.C. § 1333.

to determine "all issues relating to the limitation of liability." *Id*. at 768. Specifically, the Fifth Circuit requires the claimant to stipulate: (1) the admiralty court reserves exclusive jurisdiction to determine all limitation of liability related issues; (2) no judgment will be asserted against the shipowner in excess of the value of the limitation fund; and to the extent that multiple claimants are involved (3) the priority in which the claims will be paid. Furthermore, the district court should determine whether potential derivative actions exist. *Id*. at 770. If so, the stipulations should cover all potential claimants. *Id*.

Here, Kennison stipulates to admiralty court's exclusive jurisdiction to determine all issues related to the shipowner's limitation of liability and further stipulates that no judgment in excess of the value of the limitation fund will be asserted against the shipowner. However, Kennison failed to rebut Hilcorp's contention that Kennison's wife, if any, is a potential claimant creating the risk of a competing claim. Furthermore, the deadline for any and all claimants to contest Petitioner's right to exoneration or limitation of liability is on or before July 1, 2007. Therefore, the Court cannot determine whether this matter involves multiple claimants and/or potential derivative actions requiring claimant to further stipulate to the priority in which

4

claims would be paid.  Accordingly,

**IT IS ORDERED** that the Motion To Lift Stay And Remand To State Court is **DENIED without prejudice** to re-urge **after July 1, 2007**.

New Orleans, Louisiana this 5th day of June, 2007.

_____
UNITED STATE DISTRICT JUDGE

5