**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

HILCORP ENERGY COMPANY                        CIVIL ACTION

VERSUS                                        NO. 07-999

KEVIN KENNISON                                SEC. "B" (3)


<u>ORDER & REASONS</u>

**IT IS ORDERED** that Claimant's motion to lift stay and remand to state court is **GRANTED**. R.D.17.

A.   *Exoneration*

<u>Law</u>

State courts may decide matters regarding a vessel owner's exoneration from liability as along as the owner's rights to limit liability remain with a district court. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001).  Courts do not require exoneration stipulations because exoneration from liability is different from limitation of liability.  *See In Re Tetra Applied Techs. L P,* 362 F.3d 338, 341 (5th Cir. 2004). If a court required an exoneration stipulation before it lifted a stay it "would enlarge shipowner's rights under the Limitation Act and abridge claimants' rights under the saving to suitors clause." *In Re Tidewater*, 249 F.3d 342, 347 (5th Cir. 2001).  *Cf. Lewis,* 531 U.S.

at 455-56 (reasoning that disallowing claimants from determining liability in state court would effectively give federal courts exclusive jurisdiction over ordinary civil claims).

<u>Analysis</u>

Claimant stipulates that the district court retain exclusive jurisdiction over Plaintiff's right to limit liability. However, Plaintiff contends Claimant should further stipulate exclusive federal jurisdiction as to Plaintiff's exoneration from liability. The law does not require Claimant to make such a stipulation before the Court can remand the case to state court. *See Lewis*, 531 U.S. at 455; *Tetra*, 362 F.3d at 341; *Tidewater*, 249 F.3d at 347.

B.   *Multiple Claimants*

<u>Law</u>

When there are multiple claimants in a limitation proceeding, a court can lift a stay of a state court suit so long as all the claimants stipulate that the district court retains exclusive jurisdiction to decide limitation issues and they will not enforce any state judgment in excess of the limitation fund. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147, 149-53 (1957); *Tetra*, 362 F.3d at 341; *In re Port Arthur Towing Co.*, 42 F.3d 312, 316 (5th Cir.1995).[1]   A co-defendant who makes a cross claim for costs and attorney's fees becomes a claimant and must stipulate together with

_____

1.  When the fund is inadequate, the claimants must stipulate as to the priority in which each will recover from the fund.  In re Magnolia Transp. Co., 964 F.2d 1571, 1576 (5th Cir. 1992)

other claimants.  *See Port Arthur*, 42 F.3d at 316.  A district court should determine whether there are other potential claimants who must stipulate before it lifts a stay.  *See Texaco, Inc. v. Williams,* 47 F.3d 765, 769-70 (5th Cir. 1995)  However, a district court should not delay remand on the mere speculation of potential claimants.  *See In Re Tidewater*, 249 F.3d 342, 346 (5th Cir. 2001)

A district court may allow a claimant to join a limitation proceeding even after the deadline for joining has past if the claimant shows cause.  FED. R. CIV. P. SUPP. R. F(4); *Golnay Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993).  An admission of a late claim is not a matter of right and the court should consider the 1) status of the proceedings, 2) potential prejudice to any party, and 3) the movant's reason for filing late.  *M/T SHINOUSSA*, 980 F.2D at 351.

<u>Analysis</u>

Kennison is the only claimant in the limitation proceeding and the deadline to join passed on July 1.  However, Plaintiff alleges that Claimant's prayers for attorney's fees and costs create "multiple and competing claims to the limitation fund" which necessitate concursus in this Court.  Furthermore, Plaintiff suggests that Claimant's stipulations must cover potential claimants.

Claimant's requests for attorney's fees and costs do not compete with his personal injury claim.  Said claims are not

supplemental and do not create an additional claimant which could require the Court to retain exclusive jurisdiction. *Cf. In re Port Arthur Towing Co.*, 42 F.3d 312, 316 *5th Cir. 1995) (deciding that a co-defendant who makes a claim for attorney's fees must stipulate with the other claimant).

Plaintiff concludes that there may be more claimants and that Kennison's stipulations should cover them.  This speculation should not keep the Court from vacating the stay.  *See In Re Tidewater*, 249 F.3d 342, 346 *5th Cir. 2001).  Further, if a claimant does appear and wants to join the proceeding, the Courth could deny the request unless he or she can show cause.  *See* FED. R. CIV. P. SUPP. R. F(4).

The stay is lifted and claimant's request to remand to state court is granted.  Further, the injunction against enforcement of any judgement remains in place pending resolution of the limitation action which this courts retains jurisdiction over.

New Orleans, Louisiana, this 9th day of November,2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE